**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Bird,<br><br>               Plaintiff,<br><br>vs.<br><br>DJO, LLC,<br><br>               Defendant. | No. CV-17-03241-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant's Rule 56(d) Motion Re Plaintiff's Motion for Summary Judgment on Claim for Declaratory Judgment Regarding Arbitrability of Dispute as to Michael Bird (Doc. 41), Plaintiff's Response (Doc. 42), and Defendant's Reply (Doc. 45).

**I.    Background**

On September 19, 2017, Plaintiff filed a complaint in this Court seeking declaratory judgment on various issues. (Doc. 1.) Specifically, Plaintiff asks the Court to declare that Plaintiff, as a non-party to an agreement made between Plaintiff's company, Bird Medical, LLC and Defendant, he is not subject to the arbitration provision therein. (Doc. 1 ¶ 39.) He also asks the Court to declare that he is not the alter ego of his company. (Doc. 1 ¶ 40.)

On May 11, 2018, Plaintiff filed a motion for summary judgment as to the arbitrability of Plaintiff (Doc. 29), and Defendant filed a motion to stay briefing on that motion (Doc. 31). On June 2, 2018, Defendant filed a motion to strike Plaintiff's summary judgment motion, which also served as Defendant's response to that motion. (Doc. 36.) On

November 30, 2018, the Court denied Defendant's motion to strike and motion to stay briefing as moot and ordered supplemental briefing on Plaintiff's motion for summary judgment as to the issue of alter ego status. (Doc. 40.) On December 13, 2018, Defendant filed this Rule 56(d) motion in response to the Court's supplemental briefing order regarding Plaintiff's motion for summary judgment. (Doc. 41.) On December 26, 2018, Plaintiff responded (Doc. 42), and on January 8, 2019, Defendant replied (Doc. 45).

**II.    Discussion**

Defendant argues that it cannot, at this time, file a supplemental brief regarding the issue of alter ego status because the parties never engaged in discovery in this case. (Docs. 41, 45.) Rather, Defendant argues that the parties apparently decided to conserve resources and only conduct discovery in the underlying arbitration case as they waited for this Court to rule on two motions. (Doc. 45 at 1.) Therefore, Defendant argues that it is disingenuous for Plaintiff to allege that it failed to engage in discovery here when it diligently prosecuted its claims in the arbitration, and it was actually Plaintiff who essentially refused to participate in discovery. (Doc. 41 at 4-5.) Thus, Defendant argues the Court should not reward Plaintiff for failing in his discovery duties in the arbitration and for now attempting to use the lack of discovery in this case to his advantage. (Doc. 45 at 6.) In any event, however, Defendant argues that it has put forth evidence sufficient to withstand summary judgment, and, therefore, the Court should deny Plaintiff's motion. (Doc. 45 at 4-5.) Additionally, Defendant asks the Court to allow discovery on the issue of alter ego status and to extend the deadline for dispositive motions as to that issue. (Doc. 41.)

Plaintiff does not address the parties' alleged "informal agreement," and, instead, argues that Defendant did not seek discovery in this case nor sought an extension of the discovery or dispositive motion deadlines. (Doc. 42.) He argues that Defendant cannot now file a Rule 56(d) motion arguing he was unable to take discovery when he utterly failed to engage in it or ask for extensions before filing a response. (Doc. 42.) Further, Plaintiff argues that this Court should not deny his motion for summary judgment because he has put forth evidence of his alter ego claim—an affidavit from Plaintiff stating that he does

not co mingle funds, etc.—and that Defendant can present no evidence to rebut it. (Doc. 42.)

### III. Analysis

#### A. Standard

"Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist.*, No. 2-10-CV-290-DAE-BGM, 2016 WL 3613278, at *1 (D. Ariz. Feb. 22, 2016) (quoting *Michelman v. Lincoln Nat'l Life Ins. Co*., 685 F.3d 887, 899 (9th Cir. 2012)). "Rule 56(d) is in place 'to ensure that parties have a reasonable opportunity to prepare their case.'" *Id.* (quoting *Colson v. Maghami*, No. 08–2150–PHW, 2010 WL 2744682, at *14 (D. Ariz. July 9, 2010)). "When determining whether to grant a Rule 56(d) motion, the Court should consider whether denying or deferring the motion for summary judgment would promote greater justice." *Id.* The court should consider: (1) whether a party has failed to diligently pursue discovery before summary judgment; (2) whether further discovery would be futile; and (3) whether the parties complied with the procedural requirements. *Id.*, at * 2.

#### B. Discussion

Preliminarily, the Court agrees that discovery is severely lacking in this case.[1] The docket shows that the parties exchanged MIDP responses (Docs. 20, 21), Plaintiff supplemented his response on the last day of the discovery deadline (Doc. 28), and he filed a motion for summary judgment on the last day of the dispositive motion deadline (Doc. 29). Thus, Defendant was or should have been on notice that at least Plaintiff was adhering to deadlines and prosecuting this case. However, in response to Plaintiff's motion for summary judgment, Defendant did file a motion to stay its' briefing because the parties

---

[1] It is precisely this lack of evidence that prompted this Court to delay ruling on Plaintiff's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(e). (*See* Doc. 40.)

were attempting to conduct discovery in the underlying arbitration. (Doc. 31.) In that motion, Defendant noted that the parties were moving forward with the case in the arbitration because the arbitrator believed he had jurisdiction over Plaintiff, and this Court had not yet ruled on the relevant motion finding otherwise. (*See* Doc. 31.) Defendant also stated that Plaintiff had filed a largely identical summary judgment motion in the arbitration and, thus, to avoid issues of conflicting determinations between this Court and the arbitrator, Defendant sought a status conference to discuss the discovery and forum issues. (*See* Doc. 31.) On June 2, 2018, Defendant filed a motion to strike, which also served as his response to Plaintiff's summary judgment motion. (Doc. 36.) The Court denied Defendant's motion to stay briefing as moot and Defendant's motion to strike on November 30, 2018, as the Court ordered the parties to further brief the alter ego issue, pursuant to Rule 56(e). (*See* Doc. 40.)

After thoroughly reviewing the record in this case and taking into consideration the evidence proffered by Defendant in his Rule 56(d) motion, the Court will grant Defendant's motion. In doing so, the Court denies Plaintiff's motion for summary judgment *without prejudice* and will allow discovery to reopen as to the limited issue of alter ego status. The Court agrees with Plaintiff that Defendant should have filed something in this case to either extend the discovery deadline or otherwise inform the Court of the issues taking place in the arbitration prior to the close of discovery. However, it appears that Defendant did not seek the extension of a discovery deadline because it was under the impression that the parties agreed to fully prosecute this case in the arbitration while they waited for this Court's ruling on certain motions to the contrary.[2]

Though the Court is puzzled by Defendant's assumption, Plaintiff does not deny that it "informally agreed" to conduct the bulk of discovery in the underlying arbitration. Further, it is clear that discovery in the arbitration was and is, frankly, a mess, and that

---

[2] The Court notes, though, that simply because the parties are also involved in a related arbitration case does not relieve the parties from their duties in this case, which involve adhering to deadlines and informing the Court of "informal agreements" that a party believes could potentially affect this case's prosecution.

4

Plaintiff is *at least* half at fault for this problem. (*See generally* Doc. 41, Ex. 1; Doc. 45, Exs. C, D.) Indeed, the arbitrator recently issued a preliminary order addressing the serious discovery issues, to include allowing Defendant to conduct a forensic examination of Plaintiff's company's computers and setting a "drop dead" date for discovery production. (Doc. 45, Ex. D at 4.) More critically, the arbitrator also preliminarily denied Defendant's motion to compel production of the financial information relevant here because of this Court's stay as to Plaintiff. (Doc. 45 at 5-6; Doc. 45, Ex. D at 5.)

Moreover, the Court finds that Defendant did not "sit on its right to engage in discovery prior to filing this motion." *Roosevelt*, 2016 WL 3613278, at *2. It is true that Defendant did not vigorously pursue discovery in this Court, but as already discussed, Defendant vigorously pursued discovery in the forum it believed the parties were rightly proceeding in (which the Court will credit, even though it is admonishing Defendant for its assumption regarding discovery and deadlines in this case). Though Defendant did not file this Rule 56(d) motion before it filed its response to Plaintiff's motion for summary judgment, Defendant did attempt to inform the Court of these issues in its motion to stay briefing on May 11, 2018 when it sought a telephonic conference and again in its motion to strike Plaintiff's motion for summary judgment. In any event, Defendant has made it clear now, in response to the Court's invitation and before it entered a ruling on the summary judgment motion, to explain the lack of evidence in this case.

Thus, the Court finds that it would be unjust under the facts here to grant summary judgment on the issue of alter ego status. Defendant has produced evidence showing that Plaintiff essentially neglected his duties in discovery, albeit, in the arbitration, and that the discovery sought is relevant to the claim at issue here. In other words, Defendant has put forth evidence explaining the lack of discovery in this case and points to the specific, relevant evidence that could very well overcome Plaintiff's motion for summary judgment on the issue of alter ego status, if allowed to pursue that limited discovery. Indeed, Plaintiff argues he is not his company's alter ego, and Defendant argues that he is—and it is Plaintiff who would have possession of the relevant materials on this issue. Moreover, the Court

declines to rely on Plaintiff's conclusory, self-serving affidavit as the only piece of evidence to support a finding of summary judgment on the alter ego issue. This is especially true where the granting of summary judgment on this issue would have significant consequences not only in this case, but in the arbitration. Thus, the Court finds that granting summary judgment on these facts would not promote the policy of deciding cases on their merits and that "denying … the motion for summary judgment would promote greater justice." *Roosevelt*, 2016 WL 3613278, at *1.

## IV. Conclusion

Therefore, for the reasons stated above, the Court grants Defendant's Rule 56(d) motion. Thus, the Court denies Plaintiff's motion for summary judgment *without prejudice* and will extend the discovery, dispositive, and good faith settlement talk deadlines. Consequently, the parties are to engage in discovery and are instructed to bring any issues to the Court's attention only after the parties have conferred in good faith to resolve the issue without the Court's intervention.

Accordingly,

**IT IS ORDERED:**

1. That Defendant's Rule 56(d) motion (Doc. 41) is **granted**;

2. That Plaintiff's Motion for Summary Judgment (Doc. 29) is **denied** *without prejudice*, pursuant to Rule 56(d)(1);

3. That the discovery deadline is **March 22, 2019**;

4. That the good faith settlement deadline is **April 3, 2019**; and

5. That the dispositive motion deadline is **April 12, 2019.**

Dated this 1st day of March, 2019.

Honorable Steven P. Logan
United States District Judge

6